UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                                 CRIMINAL NO. 3:13-CR-153-GNS-1

DELION BURKS                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Exclude Any References of Officers' Prior Knowledge of Defendant and Any Details of Prior Felonies (DN 50). Because the time to file a response has passed, this motion is ripe for a decision. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

### I. SUMMARY OF FACTS AND CLAIMS

Based upon a citizen tip received by the Louisville Metro Police Department ("LMPD") that Delion Brooks ("Burks") had been selling cocaine from his apartment, the LMPD initiated an investigation. (Tr. of Evidentiary Hear'g 13-15, DN 33). The LMPD subsequently executed a search warrant on Defendant's apartment. (Tr. of Evidentiary Hear'g 22). During the search of the apartment, officers located a firearm and ammunition, and Burks was subsequently indicted for being a felon-in-possession in violation of 18 U.S.C. § 922(g)(1). (Tr. of Evidentiary Hear'g 60; Indictment, DN 1).

Defendant has moved to exclude any reference to law enforcement's prior knowledge of him and any details of his prior felonies. (DN 50). Defendant also stipulates that he has been previously convicted of a felony.[1] (DN 50).

## II. JURISDICTION

This case involves charges arising under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), which designate certain acts as criminal conduct and, in some instances, assign penalties for criminal conduct. This Court has original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231.

## III. STANDARD OF REVIEW

Under Fed. R. Evid. 609(a), a witness may be impeached by evidence of a prior conviction. As this Court has held:

> When conviction of a crime punishable by either death or imprisonment for more than one year is used to attack a witness's character for truthfulness, that evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its potential effect to that defendant."

*United States v. Davis*, No. 3:14-CR-00031-TBR, 2014 WL 5803046 (W.D. Ky. Nov. 7, 2014) (quoting Fed. R. Evid. 609(a)(1)(B)). In evaluating the admission of such evidence, the Court must consider the following factors:

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

(5) The centrality of the credibility issue.

---

[1] Between 2001 and 2012, Burks was convicted of various felonies in Kentucky state court including, *inter alia*, drug trafficking, and wanton endangerment.

*United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (citing *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)).

## IV. DISCUSSION

In his motion, Burks argues that the admission of the name and nature of the felony offenses for which he was previously convicted would be unduly prejudicial. In support of his argument, Burks primarily relies upon *Old Chief v. United States*, 519 U.S. 172 (1997).

As the Sixth Circuit has noted in analyzing the relevance of prior convictions in felon-in-possession cases:

> A defendant's prior conviction for "a crime punishable by imprisonment for a term exceeding one year" is an element of a felon-in-possession charge. 18 U.S.C. § 922(g)(1). Evidence of a defendant's predicate conviction is therefore relevant in a felon-in-possession case. *See Old Chief*, 519 U.S. at 186, 117 S. Ct. 644. Under Federal Rule of Evidence 403, however, in cases where the defendant stipulates to his status as a felon for purposes of § 922(g)(1), the government may not refer to the specific name or nature of the defendant's prior convictions in its case-in-chief.

*United States v. Kemp*, 546 F.3d 759, 763 (6th Cir. 2008) (citing *Old Chief*, 519 U.S. at 186-87). Thus, it appears well-settled that Defendant's position is correct with regard to the government's proscription from eliciting testimony regarding the details of his prior convictions.

It is not clear, however, whether Burks intends to testify, and if he were to do so, what the nature and content of his testimony would be. Accordingly, the Court cannot determine whether Burks' prior convictions would satisfy the balancing test articulated by the Sixth Circuit in *Moore*. *See also Davis*, 2014 WL 5803046, at *3 ("The Court further notes that federal practice requires the prosecution to prove that the balance of factors weighs in favor of admitting a prior conviction not involving dishonesty or false statement." (citing *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985))). At this stage, Defendant's motion is premature with respect to the potential use of the prior convictions for impeachment purposes.

3

Burks also seeks to exclude the testimony of any officers that would indicate a prior familiarity with him. The Court believes that such a ruling also would be premature at this point. The officers' prior interactions with Burks could conceivably be relevant at trial depending upon what defenses Burks may raise. The Court will deny this part of the motion at this time, and at trial, Burks may renew his objection at the appropriate time, if necessary.

## V. CONCLUSION

For the reasons outlined above, Defendant's Motion to Exclude Any Reference of Officers' Prior Knowledge of Defendant and Any Details of Prior Felonies (DN 50) is **GRANTED IN PART AND DENIED IN PART**.

Greg N. Stivers, Judge
United States District Court

March 12, 2015

cc: counsel of record